IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARY RAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-4675-P-BN |
| | § | |
| PENTAGON, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

This is a civil action brought by Cary Ray, appearing *pro se*, against Defendants Pentagon, President Jimmy Carter, and unnamed corporations. On November 25, 2013, Plaintiff tendered a complaint to the district clerk. Plaintiff's entire complaint reads:

> Our Pentagon generals and admirals have told President Obama and everyone in America they have done this to me 37 years since I was 17 years old in 1976. Our Bicentennial 200 years as a democracy celebration when I repent and became a Christian and told them our great Heavenly Father show me a vision of himself it like he looks in Daniel Chapter 7 verses 9-14 in our Holy Bible Acts Chapter 2 Verse 17. Then in 1977 I went into our Navy because they ask me to. I was going into our Air Force.

Dkt. No. 3 at 1.

The undersigned now concludes that this case is frivolous and should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

**Legal Standards**

A district court is required to screen a civil action brought by a prisoner seeking relief from a governmental entity or employee. *See* 28 U.S.C. § 1915A(a). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A claim is factually frivolous when the facts alleged are "clearly baseless," *Neitzke*, 490 U.S. at 327, a category encompassing allegations that are "fanciful," *id.*, at 325, "fantastic," *id.* at 328, and "delusional," *id.*; *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(factual allegations are "clearly baseless" where they "rise to the level of the irrational or the wholly incredible").

## Analysis

Plaintiff does not present a logical set of facts to support any claim for relief. His complaint contains allegations wholly based on a delusional or fanciful scenario. Dismissal is warranted under these circumstances. *See Kolocotronis v. Club of Rome*, 109 F.3d 767 (table), 1997 WL 115260, at *1 (5th Cir. 1997) (affirming the dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world); *accord Denton*, 504 U.S. at 32-33; *Neitzke*, 490 U.S. at 326-28.

The undersigned notes that Plaintiff has filed numerous lawsuits in this Court which allege various fanciful and delusional scenarios and have been dismissed as frivolous. *See, e.g., Ray v. Hill*, No. 3:13-cv-2878-N-BH (N.D. Tex. July 24, 2013), *rec. adopted* (N.D. Tex. Aug. 26, 2013); *see also Ray v. 1 Black Dallas Police*, No. 3:10-cv-2633-M (N.D. Tex. July 21, 2011); *Ray v. Godbey*, No. 3:07-cv-1208-P (N.D. Tex. Dec. 7, 2007); *Ray v. Texas State Judge*, No. 3:02-cv-2553-H, 2003 WL 251925 (N.D. Tex. Feb. 3, 2003). He also filed a case that is now pending before Judge Barbara M.G. Lynn and Magistrate Judge Paul Stickney in which he seeks relief for alleged civil rights violations by Green Mountain Energy for imposing a charge of $138.00 for electricity services. *See Ray v. Green Mountain Energy*, No. 3:13-cv-4674-M-BF (N.D. Tex.).

Earlier this year, Plaintiff was admonished that, "should he continue to file frivolous lawsuits in this Court, he may be sanctioned and barred from filing any further civil cases *in forma pauperis* without leave of the court." *See Ray v. Hill*, No.

3:13-cv-2878-N, Dkt. No. 11. Because Plaintiff persists in filing frivolous civil lawsuits, he should be sanctioned by the Court. Plaintiff should be instructed that he may not re-file this complaint or any other civil action in this Court without either paying the applicable filing fee or filing an appropriate motion for leave to file accompanied by a proposed complaint and a motion for leave to proceed *in forma pauperis.* The court should further order the Clerk of Court to docket – for administrative purposes only – any future civil action by Cary Ray that does not comply with these requirements and immediately close the case after placing a copy of te sanction order in the file, with no other action taken on non-compliant submissions.

## Recommendation

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915A. Plaintiff should be barred from filing any further cases without paying the applicable filing fee or obtaining leave of Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written

objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 4, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE